No. 22-30122

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

DONALD BARNES,

*Appellant,*

**v.**

DARRYL VANOY ET AL,

*Appellees.*

_____

On Appeal from the United States District Court
For the Middle District of Louisiana
No. 3:19-CV-764

_____

APPELLANT'S APPENDIX

_____

Amaris Montes
Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue NW, Unit 26152
Washington, DC 20001
(202) 455-4399

| Document Description | ROA Number | Tab |
|---|---|---|
| Original District Court Docket Sheet | ROA.1-8 | 1 |
| Complaint | ROA.9-15 | 2 |
| Motion for Summary Judgment | ROA.195-218 | 3 |
| Report and Recommendation | ROA.287-292 | 4 |
| Opinion | ROA.320 | 5 |
| Judgment | ROA.321 | 6 |
| Notice of Appeal | ROA.324 | 7 |
| Motion to Proceed In Forma Pauperis | ROA.325-331 | 8 |
| Order Denying In Forma Pauperis | ROA.332-333 | 9 |
| Order Reinstating Case | ROA.359-360 | 10 |

Tab One

APPEAL,CASE REFERRED PPS,CLOSED

# U.S. District Court
# Middle District of Louisiana (Baton Rouge)
# CIVIL DOCKET FOR CASE #: 3:19-cv-00764-JWD-RLB

| | |
|---|---|
| Barnes v. Vanoy et al | Date Filed: 11/06/2019 |
| Assigned to: Judge John W. deGravelles | Date Terminated: 02/23/2022 |
| Referred to: Magistrate Judge Richard L. Bourgeois, Jr. | Jury Demand: Defendant |
| Case in other court:  5th Circuit Court of Appeals, 22-30122 | Nature of Suit: 555 Prisoner Conditions |
| Cause: 28:1983 Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Donald Barnes**                    represented by    **Donald Barnes**
385417
Louisiana State Penitentiary
Jag-4 Right-1D
Angola, LA 70712
PRO SE

V.

**Defendant**

**Darryl Vanoy**                    represented by    **Matthew Patrick Roth**
*Warden*                                                                 Louisiana Department of Justice
1885 North Third Street
Ste Office # 4069
Baton Rouge, LA 70802
225-326-6300
Email: matt.roth.legal@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**
*Colonel*
*TERMINATED: 03/09/2021*

**Defendant**

**Peter Lollis**                    represented by    **Matthew Patrick Roth**
*Major*                                                                  Louisiana Department of Justice
Civil Rights Section
1885 North Third Street
Ste Office # 4069
Baton Rouge, LA 70802
225-326-6300
Email: matt.roth.legal@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Maples**
*Major*

represented by **Matthew Patrick Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Defendant**

**John Ashley**
*Captain*
*TERMINATED: 03/09/2021*

**Defendant**

**Shawn Miller**
*Sergeant*

represented by **Matthew Patrick Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2019 | 1 (p.9) | COMPLAINT against John Ashley, John Doe, Peter Lollis, John Maples, Shawn Miller, Darryl Vanoy, filed by Donald Barnes.(KMW) (Entered: 11/07/2019) |
| 11/06/2019 | | ***Set CASE REFERRED Flag (PPS) (KMW) (Entered: 11/07/2019) |
| 11/06/2019 | 2 (p.16) | REQUEST for Discovery Production of Documents from the Defendants by Donald Barnes.(KMW) (Entered: 11/07/2019) |
| 11/06/2019 | 3 (p.18) | NOTICE of Interrogatories by Donald Barnes (KMW) (Entered: 11/07/2019) |
| 01/07/2020 | 4 (p.23) | Letter of Deficiency: The Clerk has filed your new suit. However, it is deficient in the areas as stated herein. The deficiency must be corrected within the given time frame. Filing Fee due by 1/28/2020. Statement of Account due by 1/28/2020. (KAH) (Entered: 01/07/2020) |
| 01/30/2020 | 5 (p.24) | NOTICE of Documents (Motion to Proceed in Forma Pauperis) Returned to the Inmate for Non Compliance with Local Rule 5(d)(1). Document returned electronically and original returned via USPS (Attachments: # 1 (p.9) Local Rule 5, # 2 (p.16) Proposed Pleading; IFP)(KMW) (Main Document 5 replaced on 1/31/2020 to correct page orientation) (KMW). (Entered: 01/31/2020) |
| 03/12/2020 | 6 (p.31) | RULING: The above matter be DISMISSED WITHOUT PREJUDICE. Judgment shall be entered accordingly. Signed by Judge John W. deGravelles on 3/12/2020. (EDC) (Entered: 03/12/2020) |
| 03/12/2020 | 7 (p.32) | JUDGMENT: The above proceeding is Dismissed without Prejudice for failure of the plaintiff to correct the deficiencies of which he was notified. Signed by Judge John W. deGravelles on 3/12/2020. (EDC) (Entered: 03/12/2020) |
| 03/12/2020 | 8 (p.33) | GENERAL ORDER: All pleadings and other papers filed under seal in civil and criminal actions shall be maintained under seal for thirty days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless a District Judge or Magistrate Judge, upon motion and for good cause shown, orders that the pleading or other paper be maintained |

| | | |
|---|---|---|
| | | under seal. |
| | | The deadline for filing any motions regarding the unsealing of any document shall be within thirty days of the final disposition of any action and shall contain a concise statement of reasons for maintaining the pleading or other paper under seal. |
| | | ATTENTION: If a motion to retain documents under seal is NOT filed, all documents shall be placed in the public case record, unless specifically identified in the attached General Order |
| | | Signed by Chief Judge Shelly D. Dick on 7/8/2019. (EDC) (Entered: 03/12/2020) |
| 03/18/2020 | 9 | There is no record document 9. Entered in error by the case administrator. (KMW) (Entered: 03/30/2020) |
| 03/18/2020 | 10 (p.35) | NOTICE of Documents (Letter to Chief Judge Shelly Dick) Returned to the Inmate for Non Compliance with Local Rule 5(d)(1). Document returned electronically and original returned via USPS (Attachments: # 1 (p.9) Local Rule 5, # 2 (p.16) Proposed Pleading;)(KMW) (Entered: 03/31/2020) |
| 04/01/2020 | 11 (p.40) | MOTION to Proceed In Forma Pauperis with Statement of Account by Donald Barnes. (Attachments: # 1 (p.9) Attachment, # 2 (p.16) Cover Letter)(KMW) (Entered: 04/01/2020) |
| 04/03/2020 | 12 (p.55) | Letter dated 3/18/2020 from Donald Barnes to Chief Judge Shelly Dick Re: Prison Conditions Preventing Filer from Representing Himself (Attachments: # 1 (p.9) Attachment) (KMW) (Entered: 04/03/2020) |
| 04/06/2020 | 13 (p.61) | ORDER: The Court's Ruling 6 (p.31) and Judgment 7 (p.32) dismissing the plaintiffs action, be and are hereby VACATED AND WITHDRAWN. Motion 11 (p.40) to Proceed In Forma Pauperis is GRANTED. It is ordered that the plaintiff pay an initial partial filing fee of $6.67 in accordance with 28 USC 1915. A copy of this order shall be sent to the plaintiff and to Centralized Inmate Banking. Signed by Judge John W. deGravelles on 04/06/2020. (ELW) Modified on 4/7/2020 to create association (ELW). (Entered: 04/07/2020) |
| 05/14/2020 | 14 (p.64) | NOTICE of Documents (letter re change of address) Returned to the Inmate for Non Compliance with Local Rule 5(d)(1). Document returned electronically and original returned via USPS. (Attachments: # 1 (p.9) local rule 5, # 2 (p.16) Proposed Pleading;)(EDC) (Entered: 05/14/2020) |
| 05/27/2020 | 15 (p.68) | ORDER: USM is to serve the defendants wherever found. Within 90 days of the defendants' first appearance, the parties shall complete all discovery. Counsel for defendants shall provide to the plaintiff all medical records, etc. pertinent to the issues in this case, within 20 days of the defendants' first appearance. Discovery shall proceed as stated herein. Within 120 days of the defendant's first appearance, the parties shall file cross motions for summary judgment. Signed by Magistrate Judge Richard L. Bourgeois, Jr. on 5/26/2020. (SWE) (Entered: 05/27/2020) |
| 05/27/2020 | 16 (p.71) | Summons Issued as to John Ashley, John Doe, Peter Lollis, John Maples, Shawn Miller, Darryl Vanoy. (NOTICE: Summons submitted to the USM for service) (SWE) Modified on 5/27/2020 to edit the docket text (SWE). (Entered: 05/27/2020) |
| 07/01/2020 | 17 (p.73) | SUMMONS Returned Executed. Peter Lollis served on 6/25/2020, answer due 7/16/2020; John Maples served on 6/25/2020, answer due 7/16/2020; Shawn Miller served on 6/25/2020, answer due 7/16/2020; Darryl Vanoy served on 6/25/2020, |

| | | |
|---|---|---|
| | | answer due 7/16/2020. (US Marshal, ) (Entered: 07/01/2020) |
| 08/31/2020 | 18 (p.76) | ANSWER to 1 (p.9) Complaint with Jury Demand by Darryl Vanoy.(Roth, Matthew) (Entered: 08/31/2020) |
| 09/18/2020 | 19 (p.82) | NOTICE of Compliance with Court 15 (p.68) Order for Service by USM (Prisoner) by Darryl Vanoy (Attachments: # 1 (p.9) Exhibit Exhibit 1, # 2 (p.16) Exhibit Exhibit 2, # 3 (p.18) Exhibit Exhibit 3)(Roth, Matthew) Modified on 9/21/2020 to edit the docket text (KMW). (Attachment 3 replaced on 9/21/2020 to correct page orientation) (KMW). (Entered: 09/18/2020) |
| 10/05/2020 | 20 (p.104) | MOTION for Extension of Time to file Response to Answer by Donald Barnes. (Attachments: # 1 (p.9) proposed order)(KMW) (Entered: 10/05/2020) |
| 10/05/2020 | | MOTION(S) REFERRED: 20 (p.104) MOTION for Extension of Time to file Response to Answer. This motion is now pending before the USMJ. (KMW) (Entered: 10/05/2020) |
| 10/23/2020 | 21 (p.108) | NOTICE of Documents (Reply and Motion to Deny Inapplicable Affirmative Defenses) Returned to the Inmate for Non Compliance with Local Rule 5(d)(1). Document returned electronically and original returned via USPS (Attachments: # 1 (p.9) local rule 5, # 2 (p.16) Proposed Pleading;)(KMW) (Entered: 10/23/2020) |
| 10/27/2020 | 22 (p.120) | NOTICE of Documents (Compliance Deficiency Notice) Returned to the Inmate for Non Compliance with Local Rule 5(d)(1). Document returned electronically and original returned via USPS (Attachments: # 1 (p.9) local rule 5, # 2 (p.16) Proposed Pleading;)(KMW) (Entered: 10/27/2020) |
| 11/04/2020 | 23 (p.127) | Reply and MOTION to Deny Inapplicable Affirmative Defenses by Donald Barnes. (KMW) (Entered: 11/04/2020) |
| 11/04/2020 | | MOTION(S) REFERRED: 23 (p.127) Reply and MOTION to Deny Inapplicable Affirmative Defenses. This motion is now pending before the USMJ. (KMW) (Entered: 11/04/2020) |
| 11/12/2020 | 24 (p.137) | Compliance Deficiency Notice by Donald Barnes (KMW) (Entered: 11/13/2020) |
| 12/01/2020 | 25 (p.142) | ORDER TO SHOW CAUSE Plaintiff to show cause in writing by 12/21/2020 why his claims against defendants Peter Lollis, John Maples, and Shawn Miller should not be dismissed under Local Rules 41(b) and why his claims against defendants John Doe and John Ashley should not be dismissed for failure to serve these defendants as set forth herein. Signed by Magistrate Judge Richard L. Bourgeois, Jr. on 12/1/2020. (SWE) (Entered: 12/01/2020) |
| 12/01/2020 | 26 (p.143) | ANSWER to 1 (p.9) Complaint with Jury Demand by Peter Lollis, John Maples, Shawn Miller.(Roth, Matthew) (Entered: 12/01/2020) |
| 12/02/2020 | 27 (p.149) | ORDER denying 23 (p.127) Motion to deny Inapplicable Affirmative Defenses and denying as moot 20 (p.104) Motion for Extension of Time. Signed by Magistrate Judge Richard L. Bourgeois, Jr. on 12/1/2020. (EDC) (Entered: 12/02/2020) |
| 02/08/2021 | 28 (p.152) | REPORT AND RECOMMENDATIONS regarding 1 (p.9) Complaint filed by Donald Barnes. It is the recommendation of the Magistrate Judge that the plaintiffs claims against defendants John Doe and John Ashley be dismissed, without prejudice, for failure of the plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m). Objections to R&R due by 2/22/2021. Signed by Magistrate Judge |

| | | Richard L. Bourgeois, Jr. on 2/8/2021. (SWE) (Entered: 02/08/2021) |
|---|---|---|
| 03/09/2021 | 29 (p.155) | OPINION Adopting 28 (p.152) Report and Recommendation of the U.S. Magistrate Judge. The plaintiffs claims against defendants John Doe and John Ashley are dismissed, without prejudice, for failure of the plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m). Signed by Judge John W. deGravelles on 3/9/2021. (ELW) Modified on 3/11/2021 to correct typographical error (ELW). (Entered: 03/09/2021) |
| 05/06/2021 | 30 (p.156) | MOTION Pursuant to Rule 37(b)(d) by Donald Barnes. (KMW) (Entered: 05/07/2021) |
| 05/07/2021 | | MOTION(S) REFERRED: 30 (p.156) MOTION Pursuant to Rule 37(b)(d). This motion is now pending before the USMJ. (KMW) (Entered: 05/07/2021) |
| 05/28/2021 | 31 (p.161) | MOTION for Rule to Show Cause, Defendants Should be Required to Supplement/Substitute Discovery Responses and for Sanction for Spoliation of Evidence by Donald Barnes. (KMW) (Entered: 06/01/2021) |
| 06/01/2021 | | MOTION(S) REFERRED: 31 (p.161) MOTION for Rule to Show Cause, Defendants Should be Required to Supplement/Substitute Discovery Responses and for Sanction for Spoliation of Evidence. This motion is now pending before the USMJ. (KMW) (Entered: 06/01/2021) |
| 08/02/2021 | 32 (p.166) | ORDER granting in part 30 (p.156) Motion Pursuant to Rule 37(b)(d) and 31 (p.161) Motion for Order to Show Cause, and defendants shall, within 14 days from the date of this Order, produce any disciplinary or unusual occurrence reports pertaining to the attacks detailed above. In all other regards the plaintiff's Motions are DENIED. The parties shall have a period of forty-five (45) days from the date of this Order to complete all discovery, and sixty (60) days from the date of Order to file substantive cross-motions for summary judgment. Should the plaintiff wish to seek production of any other documents or information he shall propound written discovery requests as set forth in this Court's Order (R. Doc. 15). Signed by Magistrate Judge Richard L. Bourgeois, Jr. on 8/2/2021. (EDC) (Entered: 08/02/2021) |
| 08/16/2021 | 33 (p.168) | NOTICE of Compliance by Peter Lollis, John Maples, Shawn Miller, Darryl Vanoy to 32 (p.166) Order (Attachments: # 1 (p.9) Attachment Exhibit 1, # 2 (p.16) Attachment Exhibit 2, # 3 (p.18) Attachment Exhibit 3)(Roth, Matthew) Modified on 8/17/2021 to edit the text (NLT). (Entered: 08/16/2021) |
| 10/13/2021 | 34 (p.188) | MOTION/Court Order Requesting Production of Specific Documents by Donald Barnes. (EDC) (Entered: 10/13/2021) |
| 10/13/2021 | 35 (p.189) | REQUEST for Production of Documents from Defendants by Donald Barnes.(EDC) (Entered: 10/13/2021) |
| 10/13/2021 | | MOTION(S) REFERRED: 34 (p.188) MOTION to Produce. This motion is now pending before the USMJ. (EDC) (Entered: 10/13/2021) |
| 10/19/2021 | 36 (p.193) | ORDER denying 34 (p.188) Motion/Court Order Requesting Production of Specific Documents. Signed by Magistrate Judge Richard L. Bourgeois, Jr. on 10/19/2021. (LLH) (Entered: 10/19/2021) |
| 10/29/2021 | 37 (p.195) | MOTION for Summary Judgment by Peter Lollis, John Maples, Shawn Miller, Darryl Vanoy. (Attachments: # 1 (p.9) Statement of Undisputed Facts Statement of Material Facts, # 2 (p.16) Memorandum in Support Memorandum in Support, # 3 (p.18) |

| | | |
|---|---|---|
| | | Exhibit Exhibit A, # 4 (p.23) Exhibit Exhibit B)(Roth, Matthew) (Entered: 10/29/2021) |
| 11/02/2021 | | MOTION(S) REFERRED: 37 (p.195) MOTION for Summary Judgment . This motion is now pending before the USMJ. (NLT) (Entered: 11/02/2021) |
| 11/15/2021 | 38 (p.219) | OBJECTION to 37 (p.195) MOTION for Summary Judgment filed by Donald Barnes. (Attachments: # 1 (p.9) Affidavit, # 2 (p.16) Memorandum in Support, # 3 (p.18) Exhibits and Cover Letter)(NLT) (Entered: 11/16/2021) |
| 11/23/2021 | 39 (p.256) | REPLY in Support of 37 (p.195) MOTION for Summary Judgment filed by Peter Lollis, John Maples, Shawn Miller, Darryl Vanoy. (Roth, Matthew) (Entered: 11/23/2021) |
| 12/06/2021 | 40 (p.262) | RESPONSE to 39 (p.256) Reply to Response to 37 (p.195) MOTION for Summary Judgment filed by Donald Barnes. (EDC) Modified on 12/15/2021 to create the docket relationship (NLT). (Entered: 12/08/2021) |
| 12/15/2021 | 41 (p.267) | MOTION to Strike 40 (p.262) Response by Peter Lollis, John Maples, Shawn Miller, Darryl Vanoy. (Attachments: # 1 (p.9) Memorandum in Support, # 2 (p.16) Attachment Proposed Order)(Roth, Matthew) (Entered: 12/15/2021) |
| 12/16/2021 | | MOTION(S) REFERRED: 41 (p.267) MOTION to Strike 40 (p.262) Response . This motion is now pending before the USMJ. (EDC) (Entered: 12/16/2021) |
| 12/28/2021 | 42 (p.273) | Motion for Leave to Sur-Reply to Defendant's Reply by Donald Barnes. (Attachments: # 1 (p.9) Order, # 2 (p.16) Proposed Pleading;)(EDC) (Entered: 12/28/2021) |
| 12/28/2021 | | MOTION(S) REFERRED: 42 (p.273) MOTION for Leave to File for Leave to Sur-Reply to Defendant's Reply. This motion is now pending before the USMJ. (EDC) (Entered: 12/28/2021) |
| 01/26/2022 | 43 | ORDER granting 42 (p.273) MOTION for Leave to Sur-Reply to Defendant's Reply. The Clerk's Office shall file R. Doc. 42-2 into the record. Signed by Magistrate Judge Richard L. Bourgeois, Jr. on 1/26/2022. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (SGO) (Entered: 01/26/2022) |
| 01/26/2022 | 44 | ORDER denying 41 (p.267) Motion to Strike as moot. Signed by Magistrate Judge Richard L. Bourgeois, Jr. on 1/26/2022. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (SGO) (Entered: 01/26/2022) |
| 01/26/2022 | 45 (p.281) | SURREPLY MEMORANDUM in Opposition to 37 (p.195) MOTION for Summary Judgment filed by Donald Barnes. (LLH) (Entered: 01/27/2022) |
| 01/31/2022 | 46 (p.286) | REPORT AND RECOMMENDATIONS regarding 37 (p.195) MOTION for Summary Judgment filed by Darryl Vanoy, John Maples, Shawn Miller, Peter Lollis. It is the recommendation of the Magistrate Judge that the 37 (p.195) Motion for Summary Judgment be GRANTED, dismissing all of Plaintiff's claims against all remaining defendants. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed without prejudice. Objections to R&R due by 2/14/2022. Signed by Magistrate Judge Richard L. Bourgeois, Jr. on 1/31/2022. (LLH) (Entered: 01/31/2022) |
| 02/15/2022 | 47 (p.293) | NOTICE of Documents (Objection to Report and Recommendation) Returned to the Inmate for Non Compliance with Local Rule 5(d)(1). Document returned |

| | | electronically and original returned via USPS. (Attachments: # 1 (p.9) local rule 5, # 2 (p.16) Proposed Pleading;)(EDC) (Entered: 02/15/2022) |
|---|---|---|
| 02/21/2022 | 48 (p.306) | OBJECTION to 46 (p.286) Report and Recommendations filed by Donald Barnes. (NLT) (Entered: 02/22/2022) |
| 02/23/2022 | 49 (p.320) | OPINION adopting the 46 (p.286) Report and Recommendations of the U.S. Magistrate Judge. The 37 (p.195) Motion for Summary Judgment is GRANTED, dismissing all of Plaintiff's claims against all remaining defendants. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed without prejudice. Judgment shall be entered accordingly. Signed by Judge John W. deGravelles on 2/23/2022. (LLH) (Entered: 02/23/2022) |
| 02/23/2022 | 50 (p.321) | JUDGMENT is hereby entered in favor of defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller against Plaintiff Donald Barnes (#385417), dismissing plaintiff's federal claims against these defendants, without prejudice, and declining to exercise supplemental jurisdiction in connection with any potential state law claims. Signed by Judge John W. deGravelles on 2/23/2022. (LLH) (Entered: 02/23/2022) |
| 02/23/2022 | 51 (p.322) | GENERAL ORDER: All pleadings and other papers filed under seal in civil and criminal actions shall be maintained under seal for thirty days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless a District Judge or Magistrate Judge, upon motion and for good cause shown, orders that the pleading or other paper be maintained under seal. <br><br> The deadline for filing any motions regarding the unsealing of any document shall be within thirty days of the final disposition of any action and shall contain a concise statement of reasons for maintaining the pleading or other paper under seal. <br><br> ATTENTION: If a motion to retain documents under seal is NOT filed, all documents shall be placed in the public case record, unless specifically identified in the attached General Order <br><br> Signed by Chief Judge Shelly D. Dick on 7/8/2019. (LLH) (Entered: 02/23/2022) |
| 03/09/2022 | 52 (p.324) | NOTICE OF APPEAL of 50 (p.321) Judgment by Donald Barnes. (NLT) (Entered: 03/09/2022) |
| 03/15/2022 | 53 | USCA Case Number 22-30122 for 52 (p.324) Notice of Appeal filed by Donald Barnes. (NLT) (Entered: 03/15/2022) |
| 03/29/2022 | 54 (p.325) | MOTION for Leave to Appeal in forma pauperis with Statement of Account by Donald Barnes. (NLT) (Entered: 03/30/2022) |
| 04/18/2022 | 55 (p.332) | ORDER denying 54 (p.325) MOTION for Leave to Appeal in forma pauperis with Statement of Account. Signed by Judge John W. deGravelles on 4/18/2022. (LLH) (Entered: 04/18/2022) |
| 05/23/2022 | 56 (p.334) | ORDER of USCA as to 52 (p.324) Notice of Appeal filed by Donald Barnes. Action Taken at the Circuit: The appellant challenged your courts Fed. R. App. P. 24(a) denial of in forma pauperis (IFP) status by filing a motion to proceed on appeal IFP in this court. Please forward a copy of your courts order denying the motion to proceed in forma pauperis, and assessing the initial partial filing fee to the prison authorities |

| | | for collection of the fee. (NLT) (Entered: 05/23/2022) |

**Case #: 3:19-cv-00764-JWD-RLB**

Tab Two

RECEIVED

NOV 0 6 2019

Legal Programs Department

SCANNED at LSP and Emailed

1-6-14 by KB . 14 pages
date      initials   No.

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

DONALD BARNES ,PLAINTIFF

385417
Inmate (DOC) Number

_____

_____

(Enter above the full name of each
plaintiff in this action.)

VERSUS

DARRYL VANOY, WARDEN,
(JOHN DOE), COLONEL,
PETER LOLLIS, MAJOR,
(JOHN) MAPLES, MAJOR,
(JOHN) ASHLEY, CAPTAIN,
SHAWN MILLER, SERGEANT,
(Enter above the full name of each defendant in this action.)

### Instructions for Filing Complaint by Prisoners
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet includes two copies of a complaint form and copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in Part III of the complaint exactly the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $250.00. In addition, the United States Marshal will require you to pay the cost of serving the

1

22-30122.9

complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed informa pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If the pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, <u>DO NOT INCLUDE EXHIBITS.</u>

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.  Previous Lawsuits

    A)  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

    B)  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        D)  Parties to this previous lawsuit
            Plaintiff(s):_____ none _____
            Defendant(s):_____ none _____

        E)  Court (if federal court, name the district; if state court, name the parish)
            _____ none _____
        F)  Docket number:_____ none _____
        G)  Name of Judge to whom case was assigned:_____ none _____
            _____

        H)  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):_____
            _____

        I)  Date of filing lawsuit:_____
        J)  Date of disposition:_____
    C)  Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
        Yes ( ) No (X)

        If your answer is yes, list the civil action numbers and disposition of each case.

2

22-30122.10

You must identify in which federal district or appellate court the action was brought.

_____ none _____

II.     Place of present confinement:  LOUISIANA STATE PENITENTIARY, ANGOLA_____
        A) Is there a prisoner grievance procedure in this institution?
           Yes ( X ) No ( )

        B) Did you present the facts relating to your complaint in the state prisoner grievance
           procedure?
           Yes ( X ) No ( )
        C) If your answer is Yes:
           1.  Identify the administrative grievance procedure number(s) in which the claims
               were raised in this complaint were addressed.   LSP-2019-1471_____
               _____
               _____

           2.  What steps did you take? FIRST STEP _____
               _____
               _____

           3.  What was the result?____ REJECTED AS UNTIMELY _____

        D) If your answer is No, explain why not:_____
           _____

        C) Have you filed any lawsuit or appeal in any federal district court or appeals court
           which has been dismissed?
           Yes ( ) No ( X )

           If your answer to the preceding question is yes, state the court(s) which dismissed the
           case, the civil action number(s), and the reason for dismissal (e.g. frivolity malice,
           failure to state a claim, defendants immune from relief sought, etc.).
           _____
           _____

II. A.)   **Name of institution and address of current place of confinement:**_____
          _____

    B)    Is there a prison grievance procedure in this institution?
          Yes (X) No ( )

          1.  Did you file an administrative grievance based upon the same facts which form
              the basis of this lawsuit?
              Yes ( ) No ( )
              If Yes, what is the Administrative Remedy Procedure number?_____

          2.  If you did not file an administrative grievance, explain why you have not done so.

*3*

22-30122.11

3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 2 of the administrative grievance procedure by appealing to the Secretary of the Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the Warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?) _____

_____
_____

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. Parties to Current Lawsuit:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A) Name of Plaintiff(s)    DONALD BARNES
Address:  DOC#385417, PINE UNIT 2, LOUISIANA STATE PENITENTIARY, ANGOLA, LA 70712;

B) Defendant   DARRYL VANNOY        is employed as WARDEN of LOUISIANA STATE PENITENTIARY, ANGOLA, LA 70712;

C) Additional Defendants:  (JOHN DOE) is employed as a COLONEL at LOUISIANA STATE PENITENTIARY, LSP ANGOLA, LA, 70712;

D) Additional Defendants:   PETER LOLLIS, is employed as a MAJOR at LOUISIANA STATE PENITENTIARY, LSP, ANGOLA, LA 70712;

E) Additional Defendants (JOHN) MAPLES, is employed as a MAJOR at LOUISIANA STATE PENITENTIARY, LSP, ANGOLA, LA, 70712;

F) Additional Defendants (JOHN) ASHLEY, is employed as a CAPTAIN at LOUISIANA STATE PENITENTIARY, LSP, ANGOLA, LA, 70712;

G)   Additional Defendants SHAWN MILLER, is employed as a SERGEANT at LOUISIANA STATE PENITENTIARY, LSP, ANGOLA, LA 70712;

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not**

4

22-30122.12

include any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.) State the FACTS of your case. YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. You are NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.

*PRELIMINARY FACTS:*

(1). **Offender Terrence Napoleon #467023, was in administrative lockup for** FIGHTING, AGGRAVATED(Schedule B Offense), **because he used a brick to violently bash Offender (John Doe)'s head in, killing him. Prison officials put Napoleon in Camp D. Hawk, Cell #1. Terrence Napoleon had previously stated to Camp D. Supervisors ie Major Lollis, Major Maples, Captain Ashley, and Sgt. Shawn Miller, that "if yall put 'anyone' in this cell they be carrying him out on a stretcher". The Officials noted above deliberately ignored the clear import of Offender Napoleon's violent threats.**

(2). **In between April 1-11, 2019, while Offender Napoleon occupied Hawk Administrative Cell #1., Correctional Officers put Offender Robert Galfreth DOC#439035 in a cell down from Offender Napoleon. That night (John Doe) Offender cut Offender Galfreth's face and neck with some sort of sharp object, causing life threatening injuries. This was the second offender to be violently attacked by an Offender on Hawk Administrative/Lockdown Tier, within two weeks. THUS PRISON OFFICIALS WERE ON NOTICE OF, AND KNEW TO A CERTAINTY the VIOLENCE THAT HAUNTED HAWK LOCKDOWN.**

**PLAINTIFF'S ALLEGATIONS:**

(3). On **April 13**, 2019, Plaintiff Barnes was written up for a work offense, and escorted to the Camp D. Hawk Administrative Lockup. No penological necessity prevented prison officials from allowing Barnes to perform a "walk in court," versus confining him to an administrative cell. Once inside the cellblock, Sgt. Shawn Miller ordered Plaintiff Barnes to walk down the tier until I tell you to stop! Plaintiff was ordered to **stop in front of Cell #1.**

(4). When Barnes first encountered Offender Terence Napoleon looking at him from inside Cell #1, Barnes was not put on notice that he was in any *immediate danger*.

(5). Sgt. Sanford or Sgt. Miller racked the cell door back, and *ordered* Barnes to **"catch the cell"**. Barnes was then forced to enter that cell. Prison Officials did not inform Barnes the immediate danger he now faced. Even though, Napoleon continued his prophecy concerning the fate of Barnes, Security steadfastly continued to ignore Napoleon, It was this deliberate indifference that aggravated Napoleon's rage. This fact should be taken as true, because, there were no arguments or offenses, between Barnes and Napoleon.

(6). **That two nights later, after Shift change (B-Team) Offender Terence Napoleon crept up on Barnes as he lay asleep, and with some sort of sharp object, he split Barnes' throat from one side to the other, just like he told security he would.**

5

22-30122.13

(7).      After **Napoleon** cut Barnes throat, Offender Barnes started yelling for the Guards in fear after seeing all the blood.

(8).      Prison officials racked back the cell door, and pulled **Napoleon** from the cell. Barnes was bleeding profusely from the open wound. Prison Guards made extra efforts to dodge the spray of blood for fear of contamination, but did not rap the wound. Barnes wrapped his hand around his neck staunching the blood flow. Barnes was taken to the prison emergency room where he received an assortment of stitches to seal the cavity in his neck.

(9).      (John Dow) Colonel, the next day told Plaintiff Barnes that, "sorry that had to happen to you, but we had to put you somewhere, even if its in the cell with someone like Napoleon."

(10).     The violent altercation between Plaintiff Barnes and Offender Napoleon was undeniably foreseeable. Correctional Officials placed yet another prisoner (Barnes) in the cell with Napoleon —and his razor. After having three known bloody examples, Correctional Officials recklessly disregarded this *dangerous re-occurrence*. Failing to protect Barnes from this known dangerous situation/condition/ circumstances.

(11).     Plaintiff sues DARRYL VANNOY in his official capacity as Warden of Louisiana State Penitentiary, at Angola, for violation of Plaintiff's Eighth Amendment rights; Plaintiff seeks $1,250.00 for VANNOY failure to put in place, and **insure enforcement of**, adequate departmental policies, practices and safeguards that would reasonably prevent Plaintiff from being confined in an administrative cell, subjected to known, excessive or a substantial risk of harm at the hands of dangerous violent offenders.  Especially, after being made personally aware of such previous occurrences, for example, **Elliot Montana/#293682 v. Warden Darrel Vannoy, et al** *USDC/MDLA Docket No. 16-766 JWB-RLB; and ROBERT DIGGENS/#437853 v. KENYON MEARDAY et al., USDC/MDLA Docket No. 16-579-JWD-RLB.* That Warden Vannoy, if after having previously implemented such policies, regulations, or directives, he failed to enforce them thru supervisory officials.

(12).     Plaintiff alleges that PETER LOLLIS, is sued in his individual capacity. Major Lollis violated Plaintiff's Barnes' federal rights under the Eighth Amendment; He operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment Rights;

(13).     Plaintiff alleges that (JOHN) MAPLES is sued in his individual capacity, violated Plaintiff's Barnes' federal rights under the Eighth Amendment; He operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment

ctr

Rights;

(14).     Plaintiff alleges that (JOHN) ASHLEY is sued in his individual capacity, He operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment Rights;;

(15).     Plaintiff alleges that (JOHN) MILLER is sued in his individual capacity, He operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment Rights;

**(16).     DEFENDANTS LOLLIS, MAPLES, ASHELY, AND MILLER** jointly, and severally, operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment Rights;

**Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

(17).     Require DOC Officials to construct and impose policies that implement classification of known violent disciplinary offenders from those who are non violent disciplinary offenders, when housing them in administrative segregation cells, as well as working cell block units;

(18).     Monetary Damages in the amount of $20,000.00 for the pain and suffering caused by deliberate indifference to a dangerous condition, health and safety;

(19).     Punitive damages in the amount of $15,000.00 against each defendant for callous indifference to the reasonable likelihood that Plaintiff would be violently attacked while being housed in Hawk administrative detention.

**V.   Plaintiff's Declaration**

A) I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

B) I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this _5_ day of _November_, _2019_

_____                    _Donald Barnes_
Prisoner No. (Louisiana Department of                    Signature of Plaintiff
Corrections or Federal Bureau of Prisons

7

22-30122.15

Tab Three

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

DONALD BARNES         **:**     **CIVIL ACTION NO.**
                                       **:**     **USM 19-764**

**VERSUS**

                                       **:**     **JUDGE JOHN W. deGRAVELLES**

**DARRYL VANNOY, ET AL**

                                       **:**     **MAGISTRATE JUDGE**
                                              **RICHARD L. BOURGEOIS, JR.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MOTION FOR SUMMARY JUDGMENT:[1]

**NOW INTO COURT**, through undersigned Counsel, come Defendants, Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller, who respectfully move this Honorable Court to grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in their favor and dismiss Plaintiff's claims against them for the reasons set forth below:

1.

Plaintiff, Donald Barnes, is an inmate in the custody of Louisiana State Penitentiary at Angola, Louisiana.

2.

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated by Warden Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller, through their alleged deliberate indifference and failure to protect Plaintiff from a risk of serious harm posed by fellow inmate Terrance Napoleon.

---

[1] In consideration of the Order issued by Magistrate Judge Bourgeois (R. Doc. 36), wherein the Court sets forth that the deadline for filing substantive cross-motions for summary was October 1, 2021, Defendants respectfully suggest to the Court that Chief District Judge Shelly D. Dick's General Order No. 2021-7, Omnibus Order Suspending Deadlines, extended the motion for summary judgment deadline an additional thirty (3+0) days to October 31, 2021. Therefore, Defendants suggest that their Motion for Summary Judgment is timely.

22-30122.195

3.

Plaintiff alleges that Defendants' deliberate indifference manifested through their failure to ensure enforcement of policies which would prevent Plaintiff from being housed in a cell with a violent offender.

4.

The Summary Judgment evidence, and Plaintiff's own allegations, show that Plaintiff failed to adequately exhaust his administrative remedies prior to the filing of this suit.

5.

The Summary Judgment evidence, and Plaintiff's own allegations, further show that Plaintiff and Napoleon had no prior history of enmity or altercations.

6.

Plaintiff does not allege Defendants' knowledge or involvement in the incident between himself and Napoleon in any way.

7.

Defendant offers the following exhibits in support of his motion:

- Exhibit A: Certified Copy of Plaintiff's Request for Administrative Remedy

- Exhibit B: Certified Copy of Plaintiff's Enemies List.

8.

As shown from the pleadings, the attached exhibits, the statement of undisputed material facts, and as further described in the accompanying memorandum in support of this motion for summary judgment, there exists no genuine issue of material fact that Warden Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller, were not deliberately indifferent to any substantial

22-30122.196

risk of serious harm to Plaintiff nor did he fail to protect Plaintiff from a known substantial risk of serious harm.

9.

Defendants are entitled to qualified immunity.

Respectfully submitted,
**JEFF LANDRY**
**ATTORNEY GENERAL**
*/s/ Matthew Roth*
Matthew Roth (37527)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 N. 3rd Street
P. O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6300
Fax: (225) 326-6495
RothM@ag.louisiana.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this, the 29th day of October 2021 the above entitled pleading was filed electronically with the Clerk of Court by using CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

**I HEREBY FURTHER CERTIFY** that on this, the 29th day of October 2021, a copy of the foregoing was provided to Pro Se Plaintiff via U.S. First Class Mail, to the below name and address:

**PRO-SE**
Donald Barnes
DOC #385417
Louisiana State Penitentiary
Jag-4, Right 1-D
Angola, LA 70712

*/s/Matthew Roth*

3

Matthew Roth (#37527)
Assistant Attorney General

4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

DONALD BARNES             :    CIVIL ACTION NO.
                                 :    USM 19-764
VERSUS

                                 :    JUDGE JOHN W. deGRAVELLES
DARRYL VANNOY, ET AL

                                 :    MAGISTRATE JUDGE
                                          RICHARD L. BOURGEOIS, JR.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATEMENT OF UNCONTESTED MATERIAL FACTS:

1. Plaintiff, Donald Barnes, was at all times pertinent an inmate at Louisiana State Penitentiary.[1]

2. Defendant, Darryl Vannoy, at all times pertinent was Warden of Louisiana State Penitentiary.[2]

3. Defendant Darryl Vannoy has been sued by Plaintiff specifically in his official capacity only.[3]

4. Defendants, Peter Lollis, John Maples, and Shawn Miller, at all times pertinent corrections officers at Louisiana State Penitentiary.[4]

5. Plaintiff identified administrative grievance procedure number LSP-2019-1471 as the Administrative Remedy Procedure in which the claims raised in his *o a t* were addressed.[5]

6. A request for Administrative Remedy is screened by the Administrative Remedy Procedure screening officer prior to assignment to the first step.[6]

---

[1] R. Doc. 1
[2] R. Doc. 1 at p. 4
[3] R. Doc. 1 at p. 6
[4] R. Doc. 1 at p. 4
[5] R. Doc. 1 at p. 3 and Exhibit A.
[6] *ee* R. Doc. 1 at p. 3 and La. Admin. Code Title 22 § 325 (I)(1)

22-30122.199

7. A request for Administrative Remedy may be rejected by the screening officer on the basis of untimeliness.[7]

8. Plaintiff's Request for Administrative Remedy, LSP-2019-1471, was rejected as untimely.[8]

9. Plaintiff did not proceed to the second step of the Administrative Remedy Procedure.[9]

10. Plaintiff did not properly exhaust his administrative remedies.[10]

11. Plaintiff and fellow inmate Terrance Napoleon had no history of conflict or history as known enemies prior to the incident alleged in Plaintiff's *o    a  t*.[11]

12. Defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller were not involved in the incident between Plaintiff and Terrance Napoleon.[12]

The above facts are believed to be undisputed and therefore present a proper subject for a motion for summary judgment in that there exists no genuine issue of material facts between Plaintiff and Defendant herein. Therefore, Defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller are entitled to summary judgment as a matter of law.

> Respectfully submitted,
> **JEFF LANDRY**
> **ATTORNEY GENERAL**
> */s/ Matthew Roth*
> Matthew Roth (37527)
> Assistant Attorney General
> **Louisiana Department of Justice**
> Litigation Division, Civil Rights Section
> 1885 N. 3rd Street
> P. O. Box 94005
> Baton Rouge, LA 70804-9005
> Telephone: (225) 326-6300

---

[7] *ee* R. Doc. 1 at p. 3 and La. Admin. Code Title 22 § 325 (I)(1)(c)(i)((i)).
[8] R. Doc. 1 at p. 3 and Exhibit A.
[9] R. Doc. 1 at p. 3 and 4, and Exhibit A
[10] R. Doc. 1 at p. 3 and 4, Exhibit A, and La. Admin. Code Title 22 § 325 (I)(1)(c)(iv).
[11] R. Doc. 1 at p. 5 and Exhibit B.
[12] R. Doc. 1.

22-30122.200

Fax: (225) 326-6495
RothM@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this, the 29th day of October 2021 the above entitled pleading was filed electronically with the Clerk of Court by using CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

**I HEREBY FURTHER CERTIFY** that on this, the 29th day of October 2021, a copy of the foregoing was provided to Pro Se Plaintiff via U.S. First Class Mail, to the below name and address:

**PRO-SE**
Donald Barnes
DOC #385417
Louisiana State Penitentiary
Jag-4, Right 1-D
Angola, LA 70712

*/s/Matthew Roth*
Matthew Roth (#37527)
Assistant Attorney General

22-30122.201

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DONALD BARNES** | : | **CIVIL ACTION NO.** |
| | : | **USM 19-764** |
| **VERSUS** | | |
| | : | **JUDGE JOHN W. deGRAVELLES** |
| **DARRYL VANNOY, ET AL** | | |
| | : | **MAGISTRATE JUDGE** |
| | | **RICHARD L. BOURGEOIS, JR.** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT:**

**MAY IT PLEASE THE COURT:**

Defendants, Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller, respectfully move this Honorable Court to dismiss the claims of Plaintiff, Donald Barnes, against them, in accordance with Rule 56 of the Federal Rules of Civil Procedure as there are no genuine issues of material fact that Defendants were not deliberately indifferent to a substantial risk of serious harm to Plaintiff.

**I.    STATEMENT OF THE CASE:**

At all times pertinent herein, Plaintiff, Donald Barnes, has been an inmate incarcerated with the Louisiana Department of Public Safety and Corrections, currently housed at Louisiana State Penitentiary ( LSP ) at Angola, Louisiana.  On or about November 6, 2019, Plaintiff filed the instant suit pursuant to 42 U.S.C. § 1983 against Movers.[1]

In his *o    a    t*, Plaintiff alleges that on April 13, 2019, he was written up for a rules violation and placed in administrative segregation in a cell with offender Terrance Napoleon.[2]  He further alleges that on approximately April 15, 2019, Terrance Napoleon attacked him in his sleep.[3]  Plaintiff also alleges that at some time prior to his assignment to the same cell as Napoleon,

---

[1] R. Doc. 1
[2] *d*. at p. 5.
[3] *d*.

22-30122.202

Napoleon had threatened if yall (*s*) put anyone' in this cell they be carrying him out on a stretcher (*s*),' to Defendants Lollis, Maples, Ashley, and Miller.[4] Finally, Plaintiff's *o a t* alleges that Napoleon continued his prophecy concerning the fate of Barnes though Plaintiff allegedly remained ignorant of the immediate danger he now faced. [5] Plaintiff asserts that the Defendants' alleged knowledge of these threats by Napoleon and their lack of action to prevent Napoleon's attack against Plaintiff constitutes a violation for his Eighth Amendment rights by being deliberately indifferent and failing to protect him.

However, there are no allegations of any involvement in this incident, direct or otherwise, by Defendant Vannoy in Plaintiff's *o a t*, and the only allegations against either Lollis or Maples is that they allegedly heard the threat Napoleon made before Plaintiff was ever assigned to his cell. Plaintiff does not allege their involvement in the placing of him in the cell with Napoleon. Further, Plaintiff only definitively alleges that Miller ordered him to stop in front of the same cell as Napoleon. He does not allege that Miller made the choice of cell for him to be assigned to or that he otherwise has any form of control over what cell Plaintiff was assigned to.

II. **LAW AND ARGUMENT:**

a. **T e La On Summar Jud ment**

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[6] Supporting affidavits must set forth facts which would be admissible in evidence.[7] Opposing responses must set forth specific facts showing that there is a genuine dispute for trial.[8] To oppose a motion for summary judgment,

---

[4] *d.*

[5] *d.*

[6] FED. R. CIV. P. 56(a).

[7] FED. R. CIV. P. 56(c)(4).

[8] FED. R. CIV. P. 56(a).

a party may not rest upon mere allegations or denials contained in his pleadings.[9]  The non-moving party must designate specific evidence which is of sufficient caliber and quantity to create a genuine dispute for trial such that a rational finder of fact could return a verdict in his favor.[10]

This language mandates summary judgment for judicial efficiency in situations where the adverse complaint shows insufficient evidence on any element essential to his case and on which complainant bears the burden of proof at trial.[11]  The mover need not prove that the adverse complaint will fail on all elements, but just that the adverse party will be unable to prove at least one essential element of his claim.[12]  As a result, movers for summary judgment *sha* be entitled to judgment as a matter of law where there can be no genuine dispute as to any material fact against the defendant appearing herein.[13]

### . Fai ure to E aust Administrati e Remedies

Plaintiff has failed to exhaust his administrative remedies prior to filing suit, as required by law  therefore, summary judgment should be granted in favor of Defendants and all of Plaintiff's claims should be dismissed.

*he e a ta dard ha st o*

42 U.S.C. § 1997e(a) has mandated exhaustion of administrative remedies, regardless of the relief offered through administrative procedures.[14]  The Prison Litigation Reform Act ( PLRA ) states that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

[9]  *e ote or atrett*, 477 U.S. 317 (1986)  *a e ro er*, 801 F.2d 789 (5th Cir. 1986)  *o te ot oh o a*, 780 F.2d 1190 (5th Cir. 1986)  *oh a o M t e s oh so*, 780 F.2d 1190 (5th Cir. 1984).
[10]  *Mats sh a e tr d stra o e th Rad o or*, 475 U.S. 574, 586-87 (1986)  *derso ert o*., 477 U.S. 242, 256-57 (1986)  *h s o a or orato o*, 812 F.2d 265 (5th Cir. 1987).
[11]  *e ote or*, 477 U.S. at 317 (1986).
[12]  *d*
[13] FED. R. CIV. P. 56(a).
[14]  *ooth h r er*, 532 U.S. 731, 741 (2001).

22-30122.204

facility until such administrative remedies as are available are exhausted.[15]   Furthermore, <u>42 U.S.C. § 1997e(a)</u> requires exhaustion on plaintiff's federal claims prior to filing suit.[16]   The pre-filing exhaustion requirement of the PLRA is mandatory and non-discretionary.[17]   The Fifth Circuit has expressly held that the exhaustion requirement is mandatory, and must be completed prior to filing suit, stating:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.[18]

The PLRA made exhaustion mandatory, rather than discretionary, and precludes an inmate from filing suit while the administrative complaint is pending.[19]   Inmates must strictly comply with all administrative requirements—failure to follow established procedures or failure to complete all levels of administrative review is fatal to a prisoner's case.[20]   Exhaustion occurs when the second step response on the merits have been issued.[21]   If an offender is not satisfied with the second step response, he can then file suit in district court, where he must provide the administrative remedy procedure number on the court documents.[22]

---

[15] <u>42 U.S.C. § 1997e(a)</u>.
[16] *Gonzalez v. Seal*, <u>702 F.3d 785</u> (5th Cir. 2012).
[17] *Id.* at 787.
[18] *Id.* at 788
[19] *Porter v. Nussle*, <u>534 U.S. 516, 524-25</u> (2002); *see also Underwood v. Wilson*, <u>151 F.3d 292, 293-94</u> (5th Cir. 1998); *Harris v. Hegmann*, <u>198 F.3d 153</u> (5th Cir. 1999), citing *Wendell v. Asher*, <u>162 F.3d 887, 890</u> (5th Cir. 1998).
[20] *See Richardson v. Spurlock*, <u>260 F.3d 495, 499-500</u>, (5th Cir. 2001); *see also Marsh v. Jones*, <u>53 F.3d 707, 710</u> (5th Cir. 1995).
[21] La. Admin. Code Title 22 § 325(F)(3)(a)(viii).
[22] La. Admin. Code Title 22 § 325 (J)(1)(b)(iv).   *see also Scott v. Dugas*, <u>587 F. App'x 116, 118-119</u> (5th Cir. 2014) (Inmate plaintiff failed to properly exhaust his administrative remedies, thus precluding his § 1983 excessive force action against guards, where state had required that second step of administrative grievance process be completed before suit could be filed in federal court, and inmate plaintiff failed to follow the procedures for filing his ARP).

The Fifth Circuit has held that the Louisiana prison administrative grievance system remains in force and is available, and as long as the administrative grievance system remains in force, exhaustion remains mandatory. [23]  According to the PLRA and jurisprudence, a plaintiff must exhaust the administrative remedies that the Louisiana Legislature established for the prison system.[24]  The Court noted that Louisiana employs a two-step Administrative Remedy Procedure for inmates, which they are required to complete before filing suit in district court.[25]  Furthermore, claims of futility are irrelevant because the test of 42 U.S.C. § 1997e(a) makes exhaustion mandatory without regards to the efficacy of the remedies at issue.[26]

*a   t    a  ed to    ha  st  d    strat  e Re  ed es*

On the face of his   *o    a  t*, Plaintiff admits that he failed to properly exhaust administrative remedies prior to filing suit.  Specifically, he acknowledges that he only proceeded to the first step of his Administrative Remedy Procedure and that the result was that his grievance was rejected as untimely.[27]  Because Plaintiff's request for administrative remedy was rejected as untimely, he failed to properly exhaust his administrative remedies.[28]  This failure to exhaust precludes Plaintiff's instant claims and requires their dismissal.[29]

### c.  Super  isor Lia  i it

Plaintiff's   *o    a  t* makes no allegations that Defendant Vannoy was in any way involved with the alleged incident between himself and inmate Napoleon.  Instead, Plaintiff claims that Vannoy is liable for failure to protect him from Napoleon purely due to his supervisory role

---

[23] *ee  err  to    a  e t o   orre t o s*, 315 F.3d 529, 532 (5th Cir. 2002)  *ee a so   o e    tate*, 792 So.2d 713 (La. 2001).
[24]  *arr s*, supra, c  t      e  de  , 162 F.3d at 892.
[25]  *d*.
[26]  *orter*, supra**,    t      ooth**, 532 U.S. at 739, n. 6.
[27] R. Doc. 1 at p. 3.  *ee a so*, Exhibit A at p. 2.
[28] La. Admin. Code Title 22 § 325 (I)(1)(c)(iv).
[29]  *ee    ot s  ra*.

as Warden of Louisiana State Penitentiary.[30]   As such, Plaintiff fails to state a claim against Defendant Vannoy because supervisors cannot be held liable for their subordinates' acts (or failure to act) under 42 U.S.C. § 1983.  Similarly, Plaintiff does not allege any particular acts or omissions performed by Defendants Lollis or Maples, but instead bases his claims against them for allegedly operating an undefined practice that allowed indiscriminate housing of offenders.[31]   As for Defendant Miller, Plaintiff only alleges for certain that he was told by Miller to walk to and stop in front of Napoleon's cell.[32]  What all of these defendants share, though, is Plaintiff's allegations that they are supervisors over Camp D.[33]

It is firmly established that individual liability under § 1983 may not be predicated on the vicarious liability doctrine of *res o deat s   er or*.[34]  One cannot be liable in a civil rights action based solely on *res o deat s   er or*  there must be allegations that the defendants had personal involvement in the alleged wrongdoing[35]  Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under 42 U.S.C. § 1983.[36]  To the extent that Plaintiff is alleging that Defendant Vannoy is liable for any acts or omissions of Defendants Lollis, Maples, Ashley, and Mille., Plaintiff's claims fail.  Further, to the extent that Plaintiff alleges the liability of Lollis, Maples, or Miller based solely on their position as supervisors of Camp D, and not their direct acts, his claims must also fail.

---

[30] R. Doc. 1 at p. 6.

[31] *Id.*

[32] *Id.* at 5.

[33] *Id.*

[34] *to    e as   M       *, 168 F.3d 196, 200 (5th Cir. 1999) *Mo e    e t o  o a er es*, 436 U.S. 658 (1978).

[35] *s   e ord ea th  o r es*, 635 F. App'x 16, 20 (3d Cir. 2015).

[36] *to  *, 168 F.3d at 200 *e ett   t o   de *, 728 F.2d 762, 767 (5th Cir. 1984) (en banc) *o e a     o sto  de e de t hoo  str t*, 113 F.3d 528, 534 (5th Cir. 1997): *oe   a or de    h   st*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc) *ster   as      trea *, 835 F.2d 597, 601 (5th Cir. 1988) *o e   o sto de   h  st*, 817 F.2d 351, 355 (5th Cir. 1987), overruled on other grounds, *a to    e a  der*, 44 F.3d 1297, 1303 (5th Cir. 1995) (en banc) *e   orth e  tate   *, 782 F.2d 1229, 1235 (5th Cir. 1986) *h  odea  r e ea *, 768 F.2d 737, 739 (5th Cir. 1985) *o  o t    odso *, 454 U.S. 312, 325 (1981).

Plaintiff's claims against Defendants rest upon nothing more than their positions as Warden of Louisiana State Penitentiary and supervisors over the camp where the alleged incident occurred. Pursuant to well-settled legal principles, in order for a prison official to be found liable under 42 U.S.C. § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.[37]   There are no such allegations in this case.  He does not allege that Defendants Vannoy, Lollis, or Maples were present at the time of the incident or that they had any personal knowledge or warning of a specific threat to Plaintiff by inmate Napoleon.  Thus, there is no factual basis for finding personal liability against them in connection with the events allege.[38]   Any allegation that they are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983.[39]   Therefore, all claims against Defendants Vannoy, Lollis, Maples, or Miller based on supervisory liability should be dismissed.

*a      a    ed        t*

The Plaintiff's claims should be dismissed because Defendants are entitled to qualified immunity and the Plaintiff cannot bear the burden of establishing that there was a violation of clearly established law, i.e., that Defendants violated the Eighth Amendment by being deliberately indifferent and failing to protect Plaintiff.     ualified Immunity protects all but the plainly incompetent or those who knowingly violate the law.  Plaintiff has failed to support his claim that Defendants knowingly violated a statutory or constitutional right that was clearly established on April 13, 2019.  In fact, Plaintiff fails to even place all but one Defendant at the incident area.

---

[37] *o  a  o          th*, 718 F.2d 756, at 768 (5th Cir. 1983).
[38] *h    s    r  er*, 2017 U.S. Dist. LE   IS 138863, at  8-9 (M.D. La. June 9, 2017).
[39] *Mo e       e  t o  o a  er   es*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

With regard to the Plaintiff's failure to protect claims, courts of law have not clearly established a right for prisoners to be protected from cellmates with known histories of violence against other inmates.   uite contrarily, this Court has recogni ed that it is impossible to prevent all inmate on inmate violence and that housing one inmate with another who has a history of violence does not constitute deliberate indifference.  Consider this Court's analysis in *so oo er*:

> Even accepting as true that inmate Smith had a history of violence, as a practical matter,   p risons are necessarily-dangerous places,  which  house society s most antisocial and violent people in close proximity with one another,  thereby making it inevitable that  some level of brutality ... among prisoners  may occur. *ar er re  a , s ra,* <u>511 U.S. at 858</u>  59 (Thomas, J., concurring). *ee a so  errette Ma or,* <u>2011 WL 3269319</u> (W.D. La. July 29, 2011) (dismissing an inmate s failure-to-protect claim upon a finding that, even if the defendant was aware of an inmate s history of violence,   p risons are dangerous places housing dangerous people  and   i t is unreasonable to believe persons overseeing the classification of inmates for work assignments and housing can prevent all potential prisoner-on-prisoner violence ). Accordingly, the mere fact that the offending co-inmate may have been involved in one or more prior inmate-on-inmate confrontations does not compel a finding that the determination to house the two inmates in the same area amounted to deliberate indifference. [40]

There are no record materials that demonstrate or even suggest that Defendants knowingly violated the law.  Plaintiff and Napoleon were not known to be enemies prior to this incident, and they had no prior negative history (as Plaintiff admits).[41]  In fact, Plaintiff's  o   a t suggests that he was placed in the same cell as inmate Napoleon for lack of an alternative as he alleges an unknown correctional officer told him the day following the incident  sorry that had to happen to you, but we had to put you somewhere, even if its in the cell with someone like Napoleon.  [42]  Per this allegation, Plaintiff places himself in precisely the same kind of situation as that analy ed in

---

[40] CV 18-698-SDD-RLB, <u>2019 WL 6003347</u>, at  3 (M.D. La. Oct. 22, 2019), *re ort a d re o   e dat o ado ted* CV 18-698-SDD-RLB, <u>2019 WL 5986691</u> (M.D. La. Nov. 13, 2019).
[41] Exhibit B  and R. <u>Doc. 1 at</u> p. 5.
[42] R. <u>Doc. 1 at</u> p. 6.

*so*, and the same result should be reached. In the alternative, even if Plaintiff's allegations were true, Plaintiff's claims amount to negligence rather than deliberate indifference, which is not sufficient as to state a claim under 42 U.S.C. § 1983.

Therefore, Defendants are entitled to the defense of qualified immunity and all of the Plaintiff's claims should be dismissed.

## III.    CONCLUSION:

The evidence and Plaintiff's own admissions show that he has failed to properly exhaust his administrative remedies prior to filing this suit, as required by the PLRA. Further, he has failed to state a claim against Defendants Darryl Vannoy, Peter Lollis, John Maples, or Shawn Miller for failure to protect as he does not make any allegation of their direct involvement or knowledge of the incident alleged in his *o    a    t*. Finally, Defendants are entitled to qualified immunity as there is no evidence to suggest they violated a clearly established right.

For all of these above reasons, Plaintiff's Eighth Amendment claims against Defendants should be dismissed with prejudice as there is no genuinely disputed issue of material fact.

*[signature block and certificate of service on following page]*

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Matthew Roth*
Matthew Roth (37527)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 N. 3rd Street
P. O. Box 94005
Baton Rouge, LA  70804-9005
Telephone: (225) 326-6300
Fax: (225) 326-6495
RothM@ag.louisiana.gov

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this, the 29th day of October 2021 the above entitled pleading was filed electronically with the Clerk of Court by using CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

**I HEREBY FURTHER CERTIFY** that on this, the 29th day of October 2021, a copy of the foregoing was provided to Pro Se Plaintiff via U.S. First Class Mail, to the below name and address:

**PRO-SE**
Donald Barnes
DOC #385417
Louisiana State Penitentiary
Jag-4, Right 1-D
Angola, LA 70712

*/s/Matthew Roth*
Matthew Roth (#37527)
Assistant Attorney General

1

# Department of Public Safety & Corrections
## State of Louisiana
Louisiana State Penitentiary

**JOHN BEL EDWARDS**
Governor



**JAMES M. LE BLANC**
Secretary

STATE OF LOUISIANA

WEST FELICIANA PARISH

ANGOLA, LOUISIANA


I hereby certify that the attached documents are TRUE AND CORRECT copies of the

originals that are maintained at Louisiana State Penitentiary.



Certified Copy of ARP LSP 2019-1471


Delshadee Scott #153568

Ex–Officio Notary

Department of Public Safety & Corrections/LSP


Date: 1-17-2020

DONALD BARNES 385417 Case

22-30122.212

# ADMINISTRATIVE REMEDY PROCEDURE & PROPERTY CLAIMS

## INPUT SCREEN

CASE NUMBER: LSP-2019-1471
EVACUEE:
DOC #: 385417     BACKLOG:
LAST NAME: BARNES     FIRST NAME: DONALD
RECORD TYPE: A     SUBJECT CODE: 0801 - FROM OTHER INMATES
INCIDENT DATE: 4/13/19     SUBJECT TYPE :
LSP Only
LSP RESPONDENT:

LSP HOUSING: CAMP D

|  | DATE RECEIVED | ACCEPTED DATE | DISPOSITION DATE | DISPOSITION CODE |
|---|---|---|---|---|
| STEP 1: | 07/10/2019 | 07/23/2019 | 07/23/2019 | 05-Rejected |
| STEP 2: |  |  |  |  |

COMPLAINT:  REJECTED  : OFFENDER COMPLAINS THAT T. NAPOLEON SAID THAT WHOEVER
CAME IN HIS CELL WAS GOING OUT IN A STRETCHER AND HE TOLD SEVERAL OFFICERS THAT.
OFFENDER COMPLAINS THAT T. NAPOLEON CUT HIS THROAT
IF REJECTED REASON: THE DATE OF INCIDENT IS MORE THAN 90 DAYS PAST DUE SO
THEREFORE YOUR ARP IS BEING REJECTED DUE TO IT BEING UNTIMELY FILED. ARP'S MUST BE
FILED WITHIN 90 DAYS OF THE INCIDENT.

G/D. Barnes v. D. Vannoy, et al USDC MD 19-764-JWD-RLB

FILED SUIT:  Federal     DATE FILED: 6/25/20
EMPLOYEE NUMBER:

07/10/2019

07/10/2019

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2019 -1471

TO:   DONALD BARNES  385417                    HIC 1
        Offender's Name and Number              Living Quarters


                        4/13/19
                   Date of Incident


              ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
              issued within 40 days of this date.

X             REJECTED:  Your request has been  rejected for the following reason(s):
                        THE DATE OF INCIDENT IS MORE THAN 90 DAYS PAST DUE SO
              THEREFORE YOUR ARP IS BEING REJECTED DUE TO IT BEING UNTIMELY FILED.
              ARP'S MUST BE FILED WITHIN 90 DAYS OF THE INCIDENT.



        07/23/2019                                    Nyesha Davis
            Date                              Warden's Signature or Designee

22-30122.214

*2019-1471*
*0801 / eij*

**RECEIVED**

JUL 10 2019

WARDEN'S OFFICE

Donald Barnes/#385417
Louisiana State Penitentiary
Main Prison West/Hickory #1
Angola, LA 70712

Date: July 4, 2019    *This is a Request for Administrative Remedy Procedure*

Date of Incident: April 13, 2019

**Warden Darryl Vannoy,**

I was deliberately placed in Camp D Hawk #1, Right Cell #4, where inmate Terrence Napoleon/#467023 was already being detained for severely injuring and/or killing another inmate with a brick.

Terrence Napoleon already told prison officials, including Major Peter Lollis, Major Maples, Captain Ashley and Sgt Shawn Miller that if they put me or anyone in the cell with him that they would be carrying him out on a stretcher. Because Napoleon had just killed another inmate with a brick, and had expressed direct homicidal ideation toward me or anyone else put in the cell. Despite these overt threats to murder by Terrence Napoleon, I was deliberately put in harms' way and celled with Terrence Napoleon.

True to his direct and overt threat, Mr. Napoleon waited until I fell asleep and he then cut my throat wide open and I was indeed, carried out on a stretcher as Napoleon had previously threatened. This physical threat could not have occurred if I had not been deliberately and indifferently placed in harms' way. Security surveillance camera(s) will reveal the attack and aftermath resulting in my nearly being killed and requiring emergency surgery to prevent immediate death. These events occurred in violation of my right to protection from a known serious risk to health or life under the Eighth Amendment to the United States Constitution.

Terrence Napoleon #467023 informed LSP officials Major Peter Lollis, Major Maples, Captain Ashley, and Sgt Shawn Miller that, "before shift change" (4/13/19) that they would be carrying me out on a stretcher "if they put me in the cell with him." Despite the seriousness of such a threat, I was placed within the cell with offender #467023 whom had already took the life of another offender. It was for such a violent act that he was in the cell prior to me being placed.

A prison official is deliberately indifferent if he knows of an "excessive risk to the offender's health or safety, and disregards that risk. Here the officer(s) clearly ignored the threat(s) of the Terrence Napoleon #467023 and his direct threats of Mr. Barnes put in the cell with him.

**Relief Requested:**

1. Because of injuries sustained due to the deliberate indifference of officers: Sergeant Shawn Miller, Major Peter Lollis, Major Maples, and Captain Ashley and the permanent disfigurement.
2. I be awarded compensatory damages.

Donald Barnes/#385417
Louisiana State Penitentiary
Main Prison West/Hickory #1
Angola, LA 70712

**RECEIVED**

'JUL 10 2019

**LEGAL** PROGRAMS DEPARTMENT

LOUISIANA STATE PENITENTIARY                    7/23/19
                                                   (R)
ANGOLA, LOUISIANA


ARP NUMBER:  LSP - 2019 - 1471


RE:  DONALD BARNES      385417

LOCATION:    (HIC 1)   *CBB U/L #11*


I HEREBY ACKNOWLEDGE RECEIPT OF FORM ARP-1 REGARDING REQUEST FOR REMEDY
NUMBER LSP-**2019**-1471



RECEIVED BY:      *Donald Barnes*
                   (INMATE'S NAME & NUMBER)

DATE RECEIVED:    *7-26-19   Time 5:15 Aim*

DELIVERED BY:     *Sgt Wright*

================================================================================
INSTRUCTION TO DELIVERY OFFICER:

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the receipt and dates it.

3.    Give the inmate the White envelope.

4.    Return the reciept to LEGAL PROGRAMS DEPARTMENT.


# RECEIVED

JUL 29 2019

LEGAL PROGRAMS DEPARTMENT


# DUE BACK DATE

JUL 25 2019

### Department of Public Safety & Corrections
#### State of Louisiana
Louisiana State Penitentiary



JOHN BEL EDWARDS
Governor

JAMES M. LE BLANC
Secretary

STATE OF LOUISIANA

WEST FELICIANA PARISH

ANGOLA, LOUISIANA


I hereby certify that the attached documents are TRUE AND CORRECT copies of the

originals that are maintained at Louisiana State Penitentiary.


Certified Copy of Donald Barnes 385417 Enemy List


Delshadee Scott #153568

Ex–Officio Notary

Department of Public Safety & Corrections/LSP


Date: 10-6-2020

Donald Barnes 385417 Case

22-30122.217

TO:   DISCIPLINARY BOARD

FROM:

RE:   DONALD BARNES                    MAX
      DOC# 385417          CBA U/R  L 10

DATE: 05/10/2002      October 6, 2020

On this date, the inmate's record was screened and the following list of
inmates with whom he has had problems has been completed.

| NAME | NUMBER | NATURE OF PROBLEM | DATE OF PROBLEM SITUATION | CURRENT LOCATION |
|------|--------|-------------------|---------------------------|------------------|
| ENEMY REVIEW | | | | |
| | | NONE/INDICATED | 03/26/01 | |
| RENALDO NARGO | 460382 | AGG FIGHT/CHOKING | 8/14/19 | TU LOWER B |
| DARREN IRVIN | 566636 | AGG FIGHT/CHOKING | 8/14/19 | C JAG 1/L |
| TERRANCE NAPOLEON | 467823 | AGG FIGHT/ | 4/13/19 | D HWK 1/L |

22-30122.218

Tab Four

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONALD BARNES (#385417)                                     CIVIL ACTION

VERSUS                                                      19-764-JWD-RLB

DARRYL VANOY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Doc. 37)

filed on behalf of defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller. The

Motion is opposed. *See* R. Doc. 38. Additional briefing was submitted by the parties. (R. Docs.

39, 40, 44).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"),

Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants

Vannoy, Lollis, Maples, and Miller complaining that his constitutional rights were violated due

to the defendants' failure to protect him from harm by another inmate. He prays for injunctive

and monetary relief.

Defendants move for summary judgment relying upon the pleadings, a Statement of

Undisputed Facts, and certified copies of plaintiff's pertinent Request for Administrative

Remedy and the plaintiff's Enemies List. The plaintiff opposes the Motion relying upon the

pleadings, his own Declaration, a copy of his Request for Administrative Remedy,

correspondence dated September 25, 2019, a report authored by Capt. Joseph McNeely, Unusual

Occurrence Report(s) authored by defendant Lollis and Lt. Michael Howard, and disciplinary

reports dated February 3, 2019 and April 13, 2019.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint the plaintiff alleges the following: Inmate Terrence Napoleon was in administrative lockdown because he had used a brick to kill another inmate. Napoleon informed defendants Lollis, Maples, and Miller, as well as Capt. Ashley, that "if you put 'anyone' in this cell they be carrying him out on a stretcher."

Sometime between April 1, 2019 and April 11, 2019, inmate Robert Galfreth was placed in a cell near Napoleon in administrative lockdown. Galfreth's neck and face were slashed with a piece of glass. Galfreth was the second inmate to be attacked in administrative lockdown within a two-week period.

On April 13, 2019, the plaintiff was written up for a work offense and was escorted to administrative lockdown. Defendant Miller ordered the plaintiff to stop in front of Napoleon's cell. The plaintiff was then ordered to enter the cell. Napoleon continued to threaten harm and was enraged when he was ignored by security. Two nights later, Napoleon attacked the plaintiff while he was sleeping. The plaintiff's throat was split from one side to the other. The next day, a security officer told the plaintiff, "sorry that had to happen to you, but we had to put you somewhere, even if its in the cell with someone like Napoleon."

Defendants first assert that the plaintiff's claims are subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative

to prison conditions. *Johnson v. Johnson*, <u>385 F.3d 503, 517</u> (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, <u>548 U.S. 81, 90</u> (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, <u>385 F.3d at 516</u>, *quoting Porter v. Nussle, supra*, <u>534 U.S. at 525</u>. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325. A review of the record reveals that Plaintiff filed one grievance pertaining to his complaints herein prior to filing suit. Grievance LSP-2019-1471 was filed on July 4, 2019. Therein Plaintiff complained about the attack by Napoleon. *See* R. <u>Doc. 37-3 p. 4</u>.

The grievance was rejected, on July 23, 2019, as untimely because the grievance was not filed within 90 days of the complained of incident. *See* R. <u>Doc. 37-3, p. 3</u>. Although the plaintiff's grievance was timely[1], and therefore improperly rejected, administrative remedies were still available to him.

The Supreme Court has provided an overarching framework for evaluating the "availability" of administrative remedies in *Ross v. Blake*, <u>136 S.Ct. 1850</u>.  In *Ross*, the Court rejected the Fourth Circuit's attempt to create a "special circumstances" exception to the PLRA's

---

[1] The complained of incident occurred on April 13, 2019, and the plaintiff filed his grievance 82 days later on July 4, 2019.

exhaustion requirement. 136 S. Ct. at 1856.  However, the Court remanded the prisoner's claim

to be re-analyzed under the "availability" doctrine, which was based in the PLRA's "own, textual

exception to mandatory exhaustion."  *Id*. at 1858. The Court's explanation of that doctrine is as

follows:

> Building on our own and lower courts' decisions, we note as relevant here three
> kinds of circumstances in which an administrative remedy, although officially on
> the books, is not capable of use to obtain relief. Given prisons' own incentives to
> maintain functioning remedial processes, we expect that these circumstances will
> not often arise. But when one (or more) does, an inmate's duty to exhaust
> "available" remedies does not come into play.

*Id.* at 1859 (internal citations omitted). The Court then enumerated three circumstances in which

administrative remedies were unavailable: (1) when the administrative procedure "operates as a

simple dead end—with officers unable or consistently unwilling to provide any relief to

aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes...

incapable of use... [and] no ordinary prisoner can discern or navigate it"; and (3) when "prison

administrators thwart inmates from taking advantage of a grievance process through

machination, misrepresentation, or intimidation."  *Id*. at 1859–60.

Though it appears from the record that the plaintiff's grievance was not properly

rejected, such action does not rise to the level of "machination, misrepresentation, or

intimidation" as required by *Ross.* Based on the summary judgment record before the court, it

appears to have been a mistake or error. The record is devoid of any evidence that any

corrections officer used trickery, lies, or threats to prevent Plaintiff from filing a grievance about

the claims at issue. Cf. Ross, 136 S. Ct. at 1860 n.3 (providing examples of circumstances where

courts have found that correction facility staff prevented the inmate from exhausting his

administrative remedies).

Plaintiff's grievance never progressed past the initial screening phase. The plaintiff does not allege or demonstrate that he took any efforts to request that the mistake be corrected or attempted to utilize the process again. As such, Plaintiff failed to exhaust his administrative remedies available to him prior to filing suit as required by 42 U.S.C. § 1997e, and this Court has no authority to excuse his failure to exhaust. *Ross v. Blake*, 136 S.Ct. at 1856.  As such, Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## **RECOMMENDATION**

It is recommended that the Motion for Summary Judgment (R. Doc. 37) be **GRANTED**, dismissing all of Plaintiff's claims against all remaining defendants. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on January 31, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Tab Five

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD BARNES (#385417)

CIVIL ACTION

VERSUS

NO.   19-764-JWD-RLB

DARRYL VANOY, ET AL.

OPINION

After independently reviewing the entire record in this case and for the reasons set forth in the Magistrate Judge's Report dated January 31, 2022, (Doc. 46), to an objection (Doc. 48) was filed and considered;

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 37) is GRANTED, dismissing all of Plaintiff's claims against defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller.

**IT IS FURTHER ORDERED** that the Court declines the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action shall be dismissed without prejudice.

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on February 23, 2022.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

Tab Six

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD BARNES (#385417)**

**VERSUS**

**DARRYL VANOY, ET AL.**

**CIVIL ACTION**

**NO.  19-764-JWD-RLB**

## <u>JUDGMENT</u>

For written reasons assigned (Docs. 29 and 49),

**IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is hereby entered, dismissing plaintiff's claims against defendants John Doe and John Ashley, without prejudice, for failure of the plaintiff to serve the defendants as required by <u>Federal Rule of Civil Procedure 4(m)</u>.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is hereby entered in favor of defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller against Plaintiff Donald Barnes (#385417), dismissing plaintiff's federal claims against these defendants, without prejudice, and declining to exercise supplemental jurisdiction in connection with any potential state law claims.

Signed in Baton Rouge, Louisiana, on <u>February 23, 2022</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

Tab Seven

SCANNED at LSP and Emailed
3-9-22 by VB . 1 pages
date    initials    No.

**RECEIVED**

**UNITED STATES DISTRICT COURT**

MAR 0 9 2022

**MIDDLE DISTRICT OF LOUISIANA**

Legal Programs Department

| | | |
|---|---|---|
| **DONALD BARNES/#385417** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NUMBER: 19-764-JWD-RLB** |
| **VERSUS** | : | |
| | : | **MAG. RICHARD L. BOURGEOIS, JR.** |
| | : | |
| **DARRYL VANOY, ET AL** | : | **JUDGE JOHN W. deGRAVELLES** |
| | : | |
| | : | |
| **FILED:**_____ | : | **CLERK / DEPUTY OF COURT** |

═══════════════════════════════════════════════

| | |
|---|---|
| **DONALD BARNES/#385417** } | |
| } | |
| **VERSUS** } | **NOTICE OF APPEAL** |
| } | |
| **DARRYL VANOY, ET AL** } | |

Notice is hereby given that **DONALD BARNES/#385417**, plaintiff in the above
entitled matter, hereby appeals and request a return date to the United States Court of
Appeals for the _5Th_ Circuit: from the final Judgment of the Honorable Middle District
Court Judge, JOHN W. deGRAVELLES entered in this action on FEBRUARY 23, 2022
AND RECEIVED ON THE 24, OF FEBRUARY.

(s)_____

**DONALD BARNES/#385417**

Main Prison West Yard Pine #2
Louisiana State Penitentiary
Angola, Louisiana 70712

For Donald Barnes, By ICS Walt Johnson

Tab Eight

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

_____

USDC Number:  3:2019-cv-00764-JWD-RLB

5th Circuit Court of Appeal No: _____

In Re: DONALD BARNES, pro se petitioner

_____

MOTION TO PROCEED IN FORMA PAUPERIS ON
APPEAL TO THE FIFTH CIRCUIT COURT OF APPEAL

_____

COMES NOW  DONALD BARNES DOC#385417,  petitioner, in the above-styled cause and, pursuant to the provisions of Title 18, United States Code, Section 1915, respectfully moves for leave to proceed in forma pauperis without prepayment of fees, costs or security given therefor.

Dated: 3/24/22

_____
Signature

## AFFIDAVIT IN SUPPORT OF REQUEST
## TO PROCEED IN FORMA PAUPERIS

I, **DONALD BARNES DOC#385417**, declare that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty that I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress.

I further declare that the responses which I have made to questions and instructions below are true.

1. Are you presently employed?   YES (  ) NO ( **XX** )

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer._____

   _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received._____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or form of self-employment (hobby craft sales included)?    YES (  ) NO ( **XX** )

   b. Rent payments, interest or dividends?  YES (  ) NO ( **XX** )

   c. Pensions, annuities or life insurance payments?   YES (  ) NO ( **XX** )

22-30122.326

d.   Gifts or inheritances?   YES ( ) NO ( **XX** )

e.   Any other sources?   YES ( ) NO ( **XX** )

If the answer to any of thee above is yes, describe each
source of money and state the amount received from each
during the past 12 months._____

_____

_____

3.   Do you own any cash, or do you have money and/or bonds in a
checking or savings account? (Include any funds in prison
accounts.) YES ( **XX** ) NO ( ).  If the answer is <u>YES</u>, state the
total value of the items owned.

Prison Drawing Account $ ____**See Attached**____

Prison Savings Account: $ ____*See Attached*____

A. Cash _____

B. Bonds _____

Other (specify) _____

_____

4.   Do you own any real estate, stocks, bonds, notes, automobiles,
or other valuable property (excluding ordinary household
furnishing and clothing)?  YES ( ) NO ( **XX** )

If the answer is yes, describe the property and state its
approximate value. _____

_____

5.   List the persons who are dependent upon you for support, state
your relationship to those person, and indicate how much you
contribute toward their support. _____

## INSTITUTIONAL FINANCIAL STATEMENT

I hereby certify that **DONALD BARNES** , inmate number **DOC#385417**, the petitioner/plaintiff herein has the following sums of money on account to his credit at The Louisiana State Penitentiary, institution where he is confined:

Prison Drawing Account: $ 1.10

Prison Savings Account: $ 14.75

    A.   Cash _____

    B.   Bonds _____

I further certify that petitioner/plaintiff likewise has the following securities to his credit according to the records of said Louisiana State Penitentiary institution: _____

_____

Date

Msgt Reed Saundra Rosso

Signature of Authorized Officer of Institution

**DATE**

**MAR 18 2022**

**CERTIFIED**

Saundra Rosso

Printed Name of Authorized
Officer of Institution

I declare under penalty of perjury that the foregoing is true and correct.

I understand that a false statement or answer to any question in this affidavit

will subject me to penalties for perjury.

_____                    _____
Date                                         Signature of Plaintiff

I hereby authorize the Louisiana Department of Corrections to withdraw from my savings or drawing account such funds which may be necessary to pay Court costs. I further authorized the Louisiana Department of Corrections to redeem any savings bonds I may have to pay said Court costs in accordance with the provisions of L.A.R.S. 15:874(4).

x _____
Signature of Plaintiff

22-30122

SCANNED at LSP and Emailed
3-29-22 by ___, ___ pages
date      initials    No.

RECEIVED

MAR 29 2022

Legal Programs Department

Mr. Donald E. Barnes
#385417, Jag 4, Right 1D
Louisiana State Penitentiary
General Delivery
Angola, LA 70712-0000

FORM 2

ELECTION OF OPTIONS AND NOTICE TO THE COURT
_____

Fifth Circuit Case Number:    22-30122

Fifth Circuit Case Caption:   Barnes v. Vannoy

USDC Case Number:   3:19-CV-764

_____

(To inmate completing this form.  Please place an "x" in the appropriate box)

[ ] On (date) _____, the $505.00 filing fees were paid to the **district court clerk** of the U.S. District Court for the _____ District of _____. If you have a copy of a receipt from the district court, please attach it.

[X] On (date) 3/24/22 , I applied to the United States District Court for the _____ District of *Middle District* for permission to appeal in forma pauperis (IFP).  If you have a copy of the motion to the district court, please attach it.

[ ] On (date) _____, the United States District Court for the _____ District of _____ granted me permission to proceed on appeal IFP.  If you have a copy of the district court's order, please attach it.

**YOU MUST COMPLETE AND RETURN THIS FORM WITHIN 45 DAYS OF THE DATE OF THE FORWARDING LETTER OR YOUR APPEAL MAY BE DISMISSED WITHOUT FURTHER NOTICE.**

(Name)            *Donald Barnes*

(Prisoner Number)  *385417*

(Address)          *Pine Unit #2*
                   *LA State Penitentiary*
                   *Angola, LA. 70712*

Tab Nine

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DONALD BARNES (#385417)**                                    **CIVIL ACTION**

**VERSUS**

**DARRYL VANOY, ET AL.**                                    **19-764-JWD-RLB**

## <u>ORDER</u>

Considering the Appellant's application for leave to proceed *in forma pauperis* on appeal (R. <u>Doc. 54</u>),

**IT IS HEREBY ORDERED** that the application for leave to proceed *in forma pauperis* on appeal (R. <u>Doc. 54</u>), pursuant to <u>28 U.S.C. § 1915</u>, is **DENIED** for the following reason:

> Pursuant to <u>28 U.S.C. § 1915(a)(3)</u> and <u>Fed. R. App. P. 24(a)(3)</u>, for the reasons stated in this Court's Opinion and Judgment [1] the Court certifies that the appeal is not taken in good faith.

WHEN PERMISSION TO APPEAL *IN FORMA PAUPERIS* IS DENIED BECAUSE THE COURT CERTIFIES THAT THE APPEAL IS NOT TAKEN IN GOOD FAITH, THE FOLLOWING SECTION SHALL BE COMPLETED.

Although this Court has certified that the appeal is not taken in good faith under <u>28 U.S.C. § 1915(a)(3)</u> and <u>Fed. R. App. P. 24(a)(3)</u>, the applicant may challenge this finding pursuant to *Baugh v. Taylor*, <u>117 F.3d 197</u> (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal, within thirty (30) days of the date of this *Order*, with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit. The cost to file a motion to proceed *in forma pauperis* on appeal with the Fifth Circuit is as calculated below, and if the Appellant moves to proceed *in forma pauperis* in the Court of Appeals, prison authorities will be directed to collect the fees in accordance with the following calculation:

Appellant **DONALD BARNES (#385417)** is assessed an initial partial filing fee in the amount of **$2.95**. The agency having custody of the Appellant shall collect this amount from the Appellant's trust fund account or institutional equivalent, when funds are available, and shall forward it to the Clerk of Court for the Middle District of Louisiana.

---

[1] *See* R. <u>Doc. 49</u> adopting record document 46, and R. <u>Doc. 50</u>.

Thereafter, the Appellant shall pay **$502.05**, the remaining balance of the appellate filing fees, in periodic installments. The Appellant is required to make payments of 20% of the preceding month's income credited to the Appellant's prison account until the Appellant has paid the total filing fees of **$505.00**. The agency having custody of the Appellant shall collect this amount from the Appellant's trust fund account or institutional equivalent, when funds are available and when permitted by <u>28 U.S.C. § 1915(b)(2)</u>, and shall forward such amount to the Clerk of Court for the Middle District of Louisiana.

If the Appellant moves to proceed *in forma pauperis* in the Court of Appeals, the Clerk of Court shall mail or deliver by electronic means a copy of this *Order* to the Plaintiff and to the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections.

Signed in Baton Rouge, Louisiana on <u>April 18, 2022</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 18, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 22-30122   Barnes v. Vannoy
                 USDC No. 3:19-CV-764

Enclosed is an order entered in this case.

The above case has been reinstated as of this date.

                                 Sincerely,

                                 LYLE W. CAYCE, Clerk

                                 By: _____
                                 Nancy F. Dolly, Deputy Clerk
                                 504-310-7683

Ms. Phyllis Esther Glazer
Mr. Michael L. McConnell
Mrs. Dawn Mire
Mr. Amaris Montes
Mrs. Jeannie Cheng Prudhomme
Mr. Matthew Patrick Roth
Mr. Samuel Weiss

Tab Ten

# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30122

---

DONALD BARNES,

*Plaintiff—Appellant,*

*versus*

DARRYL VANNOY, WARDEN; PETER LOLLIS, MAJOR; JOHN
MAPLES, MAJOR; SHAWN MILLER, SERGEANT,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC 3:19-CV-764

---

UNPUBLISHED ORDER

Before ELROD, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:

The motion for panel rehearing is GRANTED. We withdraw our
prior opinion of November 16, 2022, and substitute the following:

Donald Barnes, Louisiana prisoner # 385417, moved for leave to
proceed in forma pauperis on appeal from the dismissal without prejudice of
his 42 U.S.C. § 1983 complaint. However, Barnes has since paid the filing

No. 22-30122

fee in full. *Barnes v. Vannoy*, No. 3:19-CV-00764, Dkt. 58 (M.D. La.). The motion is therefore DENIED as MOOT. The clerk's office shall set a briefing schedule.

22-30122.360

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date of filing a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Dated: March 6, 2023

*/s/ Amaris Montes*
Amaris Montes